MaRtin, J.
delivered the opinion of the 1 court. The defendant is sued, as curator of the estate of the late W. Gilbert, on an obligation of the deceased, in the following words ; “ I have this day sold to B Williams, jun. ninety thousand weight of cotton, of a good quality for the Orleans market; which cotton I am to deliver him or his agent, on board of some vessel in New Orleans or in that port, on or before the 28th of March next, as he may direct aud have received his obligation, in payment of the same. The cotton to be well baled and marked B. W. La- *554 fourche, March 28th, 1815, W. Gilbert.” On the back, are credits for several quantities ot cotton delivered.
The defendant pleaded the general issue.
At the trial the parties agreed on the following facts. 1. The cotton, contracted to be delivered by the deceased, was to be received and taken by the plaintiff, in lieu of S3,000, due him at the date of the contract. 2. On that day cotton was worth from 14 to 15, and at the same time stipulated for its delivery, 30 cents. 3. The deceased’s signature and the credits are admitted. 4. The plaintiff did not attempt to take advantage of the defendant in the contract for the delivery of the cotton.
The district court gave judgment for the plaintiff, for the value of the cotton at 30 cents, the admitted value of the cotton on the day on which it was to have been delivered. The defendant appealed.
His counsel contends that the judgment ought to have been for the nominal sum due, on the day of the contract, only : deducting the value of cotton delivered. He relies on 2 Pothier on obligations, n. 497.
We are of opinion, that the present case differs materially from those cited by Pothier, viz : that m which a husband hypothecated some es *555 tate for the security of the wife’s dowry, and it was agreed that it should be taken in payment of the dowry, at the dissolution of the marriage —the other, the case of a lease, in which a rent of five hundred livres was reserved, to be paid in wine, made on the premises. In both these cases, the mention of payment, in real estate or wine, was held to have been made for the sole purpose of securing to the debtor the faculty of paying in these objects, in lieu of money : and inserted for his sole benefit, so as to leave him at liberty to pay either money or the object mentioned, as he saw fit.
In the case of the rent, the price of the wine not being fixed, it is true, that if the lessor had brought suit, he could have recovered five hundred livres only. Hence, it follows that the lessee might liberate himself, by paying before hand the sum which, if a suit was brought, the judge would condemn him to pay, viz : that of five hundred livres.
The case of the husband differs from the above, and seems to afford a rule favourable to the defendant. For there the husband, notwithstanding an agreement, that the hypothecated estate should be given in payment of the dowry, may keep it, if it suit his interest, and pay in money the nominal sum received : in other words, have the benefit of the rise, without incurring the hazard of the fall, of the value of the estate»
*556 Cases which deviate from the general princi-pie qui sentit commodum, debet sentiré et onus, must not afford a rule of decision in others, not precisely similar It would be destructive of every thing like commerce, if an obligation to deliver a specific quantity of merchandize could not be enforced either specifically, or by the payment of a sum of money, which could enable the creditor to purchase the same quantity of merchandize, on the day on which it was to have been delivered. Here, no particular sum of money is to be repaid, by a quantity of cotton of the same value, but the defendant’s intestate sold to the plaintiff a specific quantity of cotton, for which he acknowledged to have received compensation. Whether this compensation was the surrender of the evidence of a claim of the plaintiff, or an actual payment, makes no kind of dif-fence. Justice equally demands a specific performance of the agreement or the payment of so much money, as will remunerate the creditor.
The judgment of the district court, which gives to the piaiatiff, a sum equal to the value of the cotton on the day of which it was to be delivered, with interest from the inception of the suify is correct.
It is therefore, ordered, adjudged and decreed, that it be affirmed with costs.
ant Morse for the plaintiff, Duncan for the defend-4